# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States of America for the Use of I&E Specialties, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Omega Foundation Services, Inc., Expert Maintenance and Construction Services, LLC, Lexon Insurance Company, and Endurance Assurance Corporation, <br><br> Defendants. | 3:23-cv-01823-MGL <br><br><br> **COMPLAINT** <br> (Jury Trial Demanded) |

Plaintiff, I&E Specialties, Inc. ("I&E" or "Plaintiff") complaining of the Defendants above named, would respectfully show:

## PARTIES AND JURISDICTION

1. This case arises from the nonpayment for labor, materials and services Plaintiff furnished in connection with a project to construct a project to repair and add onto the Fire Station, Building 62 at McEntire Joint National Guard Base in Hopkins, South Carolina, Project No. W912QG19C0006 ("the Project").

2. I&E, the use Plaintiff herein, is a corporation organized and existing under the laws the State of South Carolina with its principal place of business is in Lexington County, South Carolina.

3. Defendant Omega Foundation Services, Inc. ("Omega" or "Subcontractor") is a contracting company organized and existing under the laws of a state other than South Carolina and is registered to do business and does conduct business in South Carolina.

4. Defendant Expert Maintenance and Construction Services, LLC ("EMCS" or "Prime Contractor") is a contracting company organized and existing under the laws of a state

other than South Carolina and is registered to do business and does conduct business in South Carolina.

5.	Lexon Insurance Company ("LIC") and Endurance Assurance Corporation ("Endurance") are fidelity and surety companies organized and existing under the laws of a state other than South Carolina. LIC and Endurance are collectively referred to hereinafter as "Sureties."

6.	Sureties issued payment bonds in conjunction with the Project.

7.	This action arises, and this Court has jurisdiction over this action, pursuant to the Miller Act, 40 U.S.C. §§ 3131, *et seq.*, as well as 28 U.S.C. §§ 1332 and 1367.

8.	Venue is proper in this Court because the project at issue was in Hopkins, South Carolina.

## FACTUAL ALLEGATIONS

9.	EMCS and the United States of America ("Owner") entered into a construction contract, Contract No. W91260QG19C0006, for the Project in the amount of Seven Million, Seven Hundred Ninety-One Thousand, Nine Hundred Twenty-Eight ($7,791,928.27) Dollars.

10.	Sureties issued and delivered payment bonds in connection with the Project.

11.	The payment bonds were issued and delivered for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the prime contract.

12.	Omega and EMCS entered into a subcontract for a portion of work on the Project.

13.	Omega entered into a subcontract with Plaintiff for Plaintiff to perform a portion of the Subcontractor's scope of work on the Project.

14.	During the performance of Plaintiff's work, the contract price was increased to account for additional work performed that totaled $38,126.14.

- 3 -

15. After commencement of the project but before its completion, Subcontractor was instructed by Omega to cease all work due to nonpayment by EMCS.

16. Prior to receiving the directive to cease all work due to nonpayment, Plaintiff had furnished labor, materials, equipment and services totaling $249,039.27 for which Plaintiff received payment totaling $62,588.35.

17. Plaintiff has not been paid the remaining $186,450.92 it is owed.

18. In addition, Plaintiff also entered a subcontract with EMCS to perform certain work under EMCS's scope of work in exchange for payment of Ninety Thousand Six Hundred Eighty-Two ($90,682.00) Dollars.

19. Plaintiff completed all work under its subcontract with EMCS.

20. Plaintiff and EMCS agreed to a deductive change order for that work in the amount of $4,350.

21. Plaintiff has been paid $76,764.50 and is still owed the remaining $9,567.50 for that work.

22. Plaintiff would therefore show it is owed a total of $196,018.42 for labor, materials and equipment furnished for the construction of the Project.

23. Plaintiff timely served notice of its claim within ninety (90) days of last furnishing the labor, materials and equipment for which it seeks payment.

24. This suit is commenced within one year of Plaintiff last furnishing the labor, materials and equipment for which it seeks payment.

25. Despite proper demand, EMCS, Omega, and the Sureties have failed to pay Plaintiff in full for the materials furnished to the Project.

26. In addition, Plaintiff would show EMCS and Omega have failed to make a fair investigation and unreasonably refused to pay Plaintiffs' claim within forty-five days from the date of mailing the demand.

27. Accordingly, Plaintiff would show it is entitled to judgment against the Defendants for $196,018.42, plus prejudgment interest, attorney's fees and costs.

**FOR A FIRST CAUSE OF ACTION**
**(Claim on Payment Bonds)**

28. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

29. Defendants executed labor and material payment bonds on the Project, thereby guaranteeing the payment of all lawful claims of suppliers of labor, material and/or equipment to Omega and EMCS.

30. Plaintiff is an intended beneficiary and proper claimant under the payment bonds.

31. Defendants have failed to make prompt payment to Plaintiff in violation of the payment obligations of the payment bonds.

32. In addition, upon receipt of Plaintiff's claim, Omega and EMCS failed to make reasonable investigation and pay the amount owed within forty-five days.

33. Plaintiff fulfilled all conditions of the payment bonds necessary to recover under them.

34. Accordingly, Plaintiff is entitled to judgment against Defendants, jointly and severally, in the amount of all sums justly due, including the $196,018.42 owed, prejudgment interest, attorney's fees and costs.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

- 5 -

35. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

36. Plaintiff and Omega entered into a binding and enforceable contract for Plaintiff to provide certain labor, materials and equipment for the construction of the Project in exchange for payment in the amount set forth above.

37. Plaintiff performed all of its obligations under the contract.

38. Omega breached the contract by failing to pay for the materials Plaintiff furnished to the Project and by withholding payment from Plaintiff without justification or good cause.

39. As a direct result of Omega's breach of contract, Plaintiff has been damaged in the amount of $186,450.92.

40. Plaintiff would therefore show it is entitled to judgment against Omega in the amount of $186,450.92, plus prejudgment interest thereon, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION AGAINST
**(Breach of Contract)**

41. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

42. Plaintiff and EMCS entered into a binding and enforceable contract for Plaintiff to provide certain labor, materials and equipment for the construction of the Project in exchange for payment in the amount set forth above.

43. Plaintiff performed all of its obligations under the contract.

44. EMCS breached the contract by failing to pay for the materials Plaintiff furnished to the Project and by withholding payment from Plaintiff without justification or good cause.

45. As a direct result of Subcontractor's breach of contract, Plaintiff has been damaged in the amount of $9,567.50.

46. Plaintiff would therefore show it is entitled to judgment against EMCS in the amount of $9,567.50, plus prejudgment interest thereon, attorney's fees and costs.

### FOR A FOURTH CAUSE OF ACTION
(Quantum Meruit)

47. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

48. At the specific instance and request of EMCS and Omega, Plaintiff furnished materials, labor and/or equipment for the construction of certain aspects of the Project.

49. EMCS and Omega knew the benefits conferred were not gratuitous and that Plaintiff expected to be paid for the materials, labor and/or equipment provided.

50. EMCS and Omega received and accepted the benefit of the materials, labor and/or equipment Plaintiff furnished for the construction of the Project and, therefore has enjoyed and continues to enjoy the benefit Plaintiff conferred.

51. Furthermore, Sureties have received the benefit of the materials, labor and/or equipment Plaintiff furnished for the construction of the Project because the Sureties issued performance bonds securing the good and faithful performance of the Project work, and further because the materials, labor and/or equipment Plaintiff furnished for the construction of the Project reduced the Sureties' exposure under the performance bonds.

52. Despite having received the benefit of Plaintiff's work, the Defendants have not paid Plaintiff the reasonable value of the materials, labor and/or equipment furnished.

53. It would be inequitable for the Defendants to accept, use and enjoy the benefit of Plaintiff's materials, labor and/or equipment without paying the reasonable value thereof.

54. The reasonable value of the materials, labor and/or equipment provided for which Plaintiff has not been paid is $196,018.42.

55. Accordingly, Plaintiff is entitled to judgment against the Defendants in the amount of $196,018.42, plus interest thereon, attorney's fees and costs.

**FOR A FIFTH CAUSE OF ACTION**
**(S.C. Code Ann. § 27-1-15)**

56. The allegations contained above, not inconsistent herewith, are incorporated herein by reference.

57. Plaintiffs made due and just demand in writing for payment on all Defendants pursuant to S.C. Code Ann. § 27-1-15.

58. Defendants failed to make a fair investigation of the merits of Plaintiff's claim and unreasonably refused to pay it or proper portion of it within forty-five days from the date the demand was mailed.

59. Accordingly, Plaintiff is entitled to judgment against the Defendants for reasonable attorney's fees and additional interest from the date of the demand.

**FOR A SIXTH CAUSE OF ACTION**
**(Lien on all Contract Proceeds)**

60. Plaintiff reiterates the allegations alleged hereinabove to the extent they are not inconsistent with the following allegations.

61. Plaintiff is a supplier that has furnished labor, materials and/or equipment that was used for the construction of the Project.

62. Plaintiff has not been paid in full for the labor, materials and/or equipment it furnished for the Project.

63. Plaintiff therefore asserts a statutory, common law and equitable lien in the amount of at least $196,018.42 against all funds due and received in connection with the Project by EMCS and Omega.

64. Plaintiff asserts that the disbursement of any funds held by EMCS and Omega in connection with this Project is made at the risk of that Defendant and its respective officers, employees, and representatives who authorize, commit, and participate in such conduct.

65. Plaintiff further asserts that its lien on contract proceeds is a first lien pursuant to S.C. Code § 29-7-10.

66. Plaintiff is therefore entitled to an order enforcing its lien on all sums received by and all sums payable to EMCS and Omega in connection with the Project, including but not limited to an award of all damages Plaintiff incurs against any Defendant named in this lawsuit whose actions result in such damages to Plaintiff in connection with Plaintiff's rights under this first lien on contract proceeds.

## FOR A SEVENTH CAUSE OF ACTION
### (Constructive Trust)

67. Plaintiff reiterates the allegations alleged hereinabove to the extent they are not inconsistent with the following allegations.

68. Plaintiff is informed and believes the Defendants are retaining sums due and payable for labor, materials and/or equipment furnished by Plaintiff in connection with the Project.

69. Plaintiff would show that any sums which the Defendants are retaining are being held in a constructive trust for the benefit of Plaintiff, who furnished the labor, materials and/or equipment necessary for the construction of the Project to generate the sums being retained.

70. Plaintiff is therefore entitled to and Order of this Court determining that such sums, or the appropriate portion of them, are held in a constructive trust and directing payment of such sums, or portion of them, directly to Plaintiff toward satisfaction of the amount Plaintiff is owed.

### FOR AN EIGHTH CAUSE OF ACTION
**(Claim for Interest, S.C. Code Ann. § 29-6-50)**

71. Plaintiff reiterates the allegations alleged hereinabove to the extent they are not inconsistent with the following.

72. Plaintiff would show payment has been delayed by more than the time prescribed by statute and, therefore, Plaintiff is entitled to judgment against the Defendants for additional interest at the rate of one percent per month as provided by S.C. Code Ann. § 29-6-50.

WHEREFORE, Plaintiff prays for the following relief:

A. As to the First Cause of Action, for judgment against the Defendants, jointly and severally, in the amount of $196,018.42, plus prejudgment interest as provided by law, attorney's fees and costs;

B. As to the Second Cause of Action, for judgment against Omega in the amount of $186,450.92, plus prejudgment interest as provided by law, attorney's fees and costs;

C. As to the Third Cause of Action, for judgment against EMCS in the amount of $9,567.50, plus prejudgment interest as provided by law, attorney's fees and costs;

D. As to the Fourth Cause of Action, for judgment against the Defendants for the reasonable value of the benefit which Plaintiff conferred to them, which sum is $196,018.42, plus prejudgment interest as provided by law, and costs;

E. As to the Fifth Cause of Action, for an award of attorneys' fees and interest pursuant to S.C. Code Ann § 27-1-15;

F. As to the Sixth Cause of Action, for a final Order holding Plaintiff has a valid and enforceable first lien in the amount of at least $196,018.42 against all funds received by EMCS or to Omega in connection with the Project, as well as a lien on all funds due and payable to EMCS or Omega in connection with the Project, and, to the extent necessary, awarding such judgment and other relief to Plaintiff as is proper, including damages resulting from violation of such liens, an injunction, damages, attorney's fees and costs, to enforce that lien; and

G. As to the Seventh Cause of Action, for a final Order determining the sums being held which are due and payable due to labor, materials and/or equipment furnished by Plaintiff to EMCS and to omega for the Project; imposing a constructive trust on those sums; and directing payment of such sums directly to Plaintiff toward satisfaction of all sums which Plaintiff is owed; and

H. As to the Eighth Cause of Action, for an award of additional interest pursuant to statute; and

I. For such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

BRUNER POWELL WALL & MULLINS, LLC

/s/     Benjamin C. Bruner
Benjamin C. Bruner, Fed. I.D. No. 10625
Post Office Box 61110 (29260)
1735 St. Julian Place, Suite 200 (29204)
Columbia, South Carolina
(803) 252-7693
bbruner@brunerpowell.com
*Attorney for I&E Specialties, Inc.*

May 1, 2023
Columbia, South Carolina